IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Michael Burns, | ) | |
| *also known as* JaJa D B Okera, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 8:02-cv-01263-TLW |
| | ) | |
| William R. Byars, Jr., Director of SCDC; | ) | |
| and Alan Wilson, Attorney General | ) | |
| of the State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER**

This matter is before the Court upon motion of the Petitioner, Michael Burns ("Petitioner"), to alter or amend judgment, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. #37). In an Order dated February 10, 2014 (Doc. #35), this Court previously considered and denied Petitioner's Rule 60(b) motion for relief from judgment. Plaintiff now seeks to alter or amend that Order in the instant motion.

Rule 59(e) of the Federal Rules of Civil Procedure provides: "Any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999).

Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

In light of these standards, the Court has carefully reviewed the Petitioner's motion (Doc. #37) and the record in this case. After careful consideration of the relevant filings, the Court concludes that there is no basis under Federal Rule of Civil Procedure 59(e) for this Court to modify its Order of February 10, 2014 (Doc. #35). Accordingly, **IT IS ORDERED** that Petitioner's Rule 59(e) motion to alter or amend (Doc. #37) be and hereby is **DENIED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten<br>
TERRY L. WOOTEN<br>
Chief United States District Judge

June 26, 2014
Columbia, South Carolina